UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN R. SCHMIDT,

          **Plaintiff,**

       v.                Case No. 10-C-1019

DIVISION OF VOCATIONAL REHABILITATION
    WDA MILWAUKEE COUNTY,

          **Defendant.**

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I. PROCEDURAL HISTORY**

On November 15, 2010, Steven R. Schmidt ("Schmidt"), proceeding pro se, filed a complaint wherein he set forth various complaints about the Division of Vocational Rehabilitation's ("DVR") efforts to assist him establishing a business. (Docket No. 1.) Because Schmidt also sought to proceed in forma pauperis, (Docket No. 2), the court reviewed his complaint in accordance with 28 U.S.C. § 1915, (Docket No. 4).

Schmidt alleges in his complaint that he received significant assistance from the DVR but it refused to pay certain expenses and eventually closed his case. Schmidt sought review of these decisions by an impartial hearing officer who concluded that DVR properly refused to pay for certain expenses, but that it had improperly closed Schmidt's case. Schmidt had also sought to have the impartial hearing officer consider various other disputes he had with DVR, but she concluded that her review was limited to issues that arose within the past 12 months and issues that Schmidt had timely included in his complaint. (Docket No. 1 at 3.)

According to the complaint he filed with this court, it is only this conclusion, i.e. the hearing officer's refusal to consider additional disputes beyond those included in Schmidt's complaint, that Schmidt seeks to challenge in the present proceeding. (Docket No. 1 at 3 ("The (hearing judge) rules she could only address what was in my complaint, but I had the right to appeal to a higher court. That is what this action is.") (parentheses in original)).

In the court's order granting Schmidt's motion to proceed in forma pauperis, the court stated that it understood Schmidt's complaint as a civil action pursuant to 34 C.F.R. § 361.57(i) and 29 U.S.C. § 722(c)(5)(J) in which the only issue Schmidt was raising was whether the hearing officer properly limited her review to the matters raised in Schmidt's complaint. (Docket No. 4.) The court further stated its understanding that in this action, Schmidt was not challenging the hearing officer's decision that DVR had improperly closed his case (which is hardly surprising because Schmidt prevailed on this issue) or the merits of Schmidt's contentions that DVR had improperly refused to pay certain expenses. (Docket No. 4.)

Schmidt also indicated in his complaint that he may wish to amend his complaint. In response, the court referred Schmidt to the Federal Rules of Civil Procedure regarding how to file an amended complaint. (Docket No. 4.) Subsequently, Schmidt filed a motion seeking additional time to file an amended complaint, (Docket No. 15), to which the court responded with a text only order granting Schmidt until May 13, 2011 to file an amended complaint. On this date, Schmidt filed a "notice" with the court wherein he again sought more time to file an amended complaint. (Docket No. 16.) The court again granted Schmidt additional time until May 25, 2011 and emphasized that it would be the final extension of time. (Docket No. 17.) Yet again, no amended complaint was filed but instead Schmidt submitted a letter stating he was having problems with his computer and asking the court to order an investigation of his computer problems. (Docket No. 18.)

The court responded with a letter to the parties stating that because no amended complaint was filed, the case would proceed on Schmidt's original complaint and also asked the parties for input on further scheduling. (Docket No. 19.) Following each party submitting letters, the court set September 16, 2011 as the deadline for all discovery and October 14, 2011 the filing of any dispositive motions. (Docket No. 22.)

During the period for discovery, Schmidt submitted numerous documents to the court wherein he outlined various disagreements with the DVR as well as other legal problems. (Docket Nos. 23, 24, 25, 26.) However, Schmidt never amended his complaint.

The defendant subsequently moved for summary judgment, (Docket No. 27, 28, 29), to which Schmidt has responded, (Docket No. 32). The defendant has not replied. On January 5, 2012, the court ordered the defendant to provide the court with the hearing record in accordance with 29 U.S.C. § 722(c)(5)(J)(ii)(I), (Docket No. 33), which it did on February 2, 2012, (Docket No. 34). Although this record spans 102 pages on the docket, (Docket No. 34-1), this electronically filed document is actually three sets of the same documents, (compare Docket No. 34-1 at 2, 36, 70), consisting almost entirely of correspondence from the hearing officer to Schmidt. The only document from Schmidt included in the record is a single page request for a hearing. (Docket No. 34-1 at 3.) Missing from the record are various exhibits referenced in the hearing officer's decision.

Even in his response to the DVR's motion for summary judgment, Schmidt again asks for time to amend his complaint. (Docket No. 32 at 2.) As the court has made clear, Schmidt has had ample opportunities to amend his complaint and thus the time for doing so has long since passed. The pleadings on the defendant's motion for summary judgment are now closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge. (Docket Nos. 3, 13.)

## II. SUMMARY OF HEARING OFFICER'S DECISION

Broadly speaking, there were two facets to the complaint reviewed by the impartial hearing officer. (Docket No. 27-2.) First, there was Schmidt's contention that the DVR improperly closed his file. (Docket No. 27-2 at 2.) The hearing officer agreed with Schmidt and concluded that the DVR had improperly closed its file. (Docket No. 27-2 at 14.) Because Schmidt prevailed on this issue and thus it appears to have no relevance to any issue currently before this court, there will be no further discussion of this matter.

Second, Schmidt contended that the DVR improperly denied payment for certain items, including a $4,000 sign, help with his website, a new truck, assistance completing his 2008 and 2009 taxes, $1,500 in business supplies, a year's worth of business liability and vehicle insurance, and $480 to pay five people to work five eight-hours days organizing and cleaning his business. (Docket No. 27-2 at 2.) Schmidt also objected to the decision of the Business Plan Review Committee. (Docket No. 27-2 at 12.)

The hearing officer determined that because the Department of Workforce Development's rules establish a one-year deadline for seeking review of decisions of the DVR, she was unable to review the decision of the Business Plan Review Committee because its decisions were made more than a year prior to Schmidt's request for a hearing. (Docket No. 27-2 at 12.) She likewise concluded that she was barred from considering Schmidt's requests for a new truck, business supplies, insurance, and cleaners because there was no evidence that these requests were denied within 12 months of Schmidt's request for review. (Docket No. 27-2 at 12.)

However, the hearing officer concluded that Schmidt's objections to the DVR denying Schmidt assistance in obtaining financial information, the electronic sign, website help, and tax preparation were each made within 12 months of the DVR's decisions. She concluded that the DVR properly denied payment for the electronic sign, website help, and tax preparation because these

services were not included in Schmidt's final amended IPE as is required for payment under the DVR's Program Policy. (Docket No. 27-2 at 13.) As for the request for assistance in obtaining financial information, the hearing officer determined that she was precluded from considering this item because Schmidt did not raise this claim at least five days prior to his formal hearing as is required by the Department of Workforce Development's regulations. (Docket No. 27-2 at 13.)

**III. ANALYSIS**

Broadly construing Schmidt's complaint as the court must, the only issues Schmidt raises are whether it was proper for the hearing officer refused to consider if the DVR properly refused to pay for assistance in obtaining financial information, a new truck, business supplies, insurance, and cleaners. Schmidt has not included in his complaint any claim that the hearing officer erred in concluding that the DVR properly refused to pay for an electronic sign, website help, and tax preparation, and therefore these issues shall not be considered by the court.

A court reviewing the decision of an impartial hearing officer under 29 U.S.C. § 722(c)(5)(J) applies the same standard of review applicable in cases brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1491. Wasser v. N.Y. State Office of Voc. & Educ. Servs. for Individuals with Disabilities, 602 F.3d 476, 477 (2d Cir. 2010) (per curiam). Thus, the court reviews de novo the legal issues determined by the administrative tribunal while giving due weight to the tribunal's factual determinations. M.B. v. Hamilton Southeastern Sch., 2011 U.S. App. LEXIS 25557, *20 (7th Cir. Dec. 22, 2011). "This review is equivalent to a 'clear-error' or 'substantial-evidence' standard. As a result, the party challenging the outcome of the administrative proceedings bears the burden of proof." Id. (citation omitted).

DWD 75.05(1) states: "The time limit for filing a hearing request shall be 12 months after the notice of a decision or action was mailed to the appellant. Failure to file within the 12 month limit shall be cause for the hearing request to be dismissed."

Schmidt filed a request for a hearing on April 28, 2010. (Docket No. 27-2 at 1.) Therefore, only decisions or actions of the DVR mailed to Schmidt on or after April 28, 2009 could be properly considered by the hearing officer. The hearing officer stated that she has "no documentary or testimonial evidence that demonstrates . . . that Mr. Schmidt's requests to DVR for a new truck, for assistance with purchasing business supplies, for business liability and business vehicle insurance, and for funds to pay contract labor costs were actually made and denied within the twelve months prior to the date that he filed his fair hearing request." (Docket No. 27-2 at 12.)

Schmidt has likewise failed to present any evidence to this court that these requests were denied within the 12 months prior to his request for a hearing. By failing to present any evidence that the hearing officer's decision was clearly erroneous, Schmidt has failed in his burden. Therefore, the court must affirm the decision of the impartial hearing officer on this point.

That leaves Schmidt's claim regarding the hearing officer's denial of his request for assistance in obtaining financial information. The hearing officer determined that she was precluded from considering this issue because it had not been added to Schmidt's request for a hearing at least five days prior to the hearing. (Docket No. 27-2 at 13.)

Under DWD 75.08(3), a motion to amend a hearing request to either expand or restrict the scope of a hearing must be filed with the hearing officer at least five working days prior to a hearing. Schmidt has not presented any evidence to the court suggesting that he did, in fact, amend his request for a hearing at least five business days before the hearing to include consideration of his request for assistance in obtaining financial information. In the absence of any evidence that such a request was timely made, the court must conclude that Schmidt has failed to meet his burden of demonstrating that the hearing officer's decision was clearly erroneous. Therefore, the court must affirm the decision of the hearing officer.

6

Case 2:10-cv-01019-AEG   Filed 02/13/12   Page 6 of 7   Document 35

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment, (Docket No. 29), is granted and this matter is dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 13th day of February 2012.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　AARON E. GOODSTEIN
　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge